IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JERRY D. SELLERS,

                    Petitioner,

            v.                          CASE NO. 19-3136-SAC

DON LANGFORD, Warden,
Ellsworth Correctional Facility,

                    Respondent.


## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. The court has reviewed the submissions of the parties and, for the reasons that follow, dismisses this matter as barred by the one-year limitation period.

### Background

On November 18, 2008, petitioner pled guilty to two counts of Indecent Liberties with a Child in Case No. 07-CR-1088 in the District Court of Saline County. On December 17, 2008, he was sentenced to a term of 152 months imprisonment. He appealed that sentence.

On July 9, 2010, the Kansas Supreme Court affirmed the sentence. State v. Sellers, 233 P.3d 744 (Table), 2010 WL 2816251 (Case No. 102,166)(Kan. 2010)(unpublished opinion).

On October 7, 2010, the period during which petitioner could have requested review in the U.S. Supreme Court expired, and his conviction became final.

On April 19, 2011, petitioner filed a motion to withdraw his plea.

On April 29, 2011, the district court denied the motion.

Petitioner appealed.

On June 28, 2011, petitioner filed a motion for post-conviction relief under K.S.A. 60-1507 in the district court. It was assigned Case No. 11-cv-253. On June 7, 2013, the district court denied relief. Petitioner appealed.

On September 25, 2015, the Kansas Court of Appeals (KCOA) affirmed the denial of petitioner's motion to withdraw his guilty plea. *State v. Sellers*, 356 P.3d 436 (Table), 2015 WL 5613046 (Case No. 110,235)(Kan. Ct. App. 2015)(unpublished opinion).

On October 2, 2015, the KCOA affirmed the denial of petitioner's motion under K.S.A. 60-1507. *Sellers v. State*, 356 P.3d 1077 (Table), 2015 WL 5750517 (Case No. 112,099)(Kan. Ct. App. 2015)(unpublished opinion).

On June 21, 2016, the Kansas Supreme Court (KSC) denied review of the decision denying petitioner's motion to withdraw his plea.

On July 13, 2016, petitioner filed a second motion under K.S.A. 60-1507 in the Saline County District Court. It was assigned Case NO. 16-cv-186.

On July 22, 2016, the KSC denied review of the decision denying petitioner's first action under K.S.A. 60-1507.

On August 10, 2016, the district court summarily denied petitioner's second motion under 60-1507. Petitioner appealed.

On August 31, 2018, the KCOA affirmed the denial of petitioner's second motion under K.S.A. 60-1507, finding it was not timely and lacked merit. *Sellers v. State*, 424 P.3d 570 (Table), 2018 WL 4167157 (Case No. 118, 105)(Kan. Ct. App. 2018)(unpublished opinion).

On April 29, 2019, the KSC denied review.

On July 25, 2019, petitioner executed the present petition under

28 U.S.C. § 2254. It was electronically filed on the same date and was entered on the docket on July 26, 2019.

## Discussion

This petition is subject to the one-year limitation period established by the Anti-Terrorism and Effective Death Penalty Act (AEDPA) in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Ordinarily, the one-year limitation period runs from the time the judgment becomes "final," as stated in § 2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). *See also Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009)("direct review" concludes when the availability of direct appeal to the state courts and request for review to the Supreme Court have been exhausted). The Rules of the Supreme Court

allow ninety days from the date of the conclusion of direct appeal to seek certiorari. U.S. S. Ct. Rule 13.1. "If a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after his direct appeal, the one-year limitation period begins to run when the time for filing a certiorari petition expires." *United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003) (internal quotations omitted). The one-year period of limitation begins to run the day after a conviction is final. *See Harris v. Dinwiddie*, 642 F.3d 902, 906-07 n.6 (10th Cir. 2011).

The statute also contains a tolling provision:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

However, where a state post-conviction action is rejected by a state court as untimely, the action is not "properly filed" and does not toll the limitation period. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005); *Artuz v. Bennett*, 531 U.S. 4, 11 (2000).

In addition, the one-year limitation period is subject to equitable tolling in "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (2000)(internal quotation marks omitted). This remedy is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances that warrant

equitable tolling include "for example, when a prisoner is actually innocent, when an adversary's conduct – or other uncontrollable circumstances – prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 232 F.3d at 808 (internal citations omitted). Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631 651 (2010). However, "[s]imple excusable neglect is not sufficient." *Gibson, id*.

Where a prisoner seeks equitable tolling on the ground of actual innocence, the prisoner "must establish that, in light of new evidence, "'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 526-37 (2006)(quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). The prisoner must come forward with "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, id. at 324.

Here, petitioner's conviction became final on October 7, 2010, when the time for seeking review in the United States Supreme Court expired. The one-year limitation period for filing a federal habeas corpus action began to run on October 8, 2010, and ran until April 19, 2011, when petitioner filed a motion to withdraw plea, tolling the statute. At that point, 193 days had run on the statute.

The limitation period remained tolled during the resolution of

that motion, petitioner's appeal to the KCOA, and his request for review by the KSC. In addition, petitioner's first motion under K.S.A. 60-1507, filed on June 28, 2011, tolled the limitation period through the denial of review by the KSC on July 22, 2016. However, petitioner's second motion under 60-1507, filed on July 13, 2016, did not toll the limitation period because the KCOA determined it was untimely. *See Sellers v. State*, 2018 WL 4167257, at *4 ("Sellers had until July 9, 2011, to timely file his K.S.A. 60-1507 motion. Sellers did not file his 60-1507 motion here until July 13, 2016. Thus, Sellers' motion was untimely.").

Because that untimely filing was not "properly filed" under 28 U.S.C. § 2244(d)(2), it did not toll the limitation period. That period resumed running on July 23, 2016, and expired on January 10, 2017. Petitioner's July 2019 filing of this action  therefore was not within the one-year limitation period. And, because petitioner has not shown any ground for equitable tolling, the court concludes this matter must be dismissed.

## Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A COA is warranted "only if the applicant has made a substantial showing of the denial of a constitutional right," and the Court identifies the specific ground that supports the issuance of a COA. 28 U.S.C. § 2253.

Where, as here, the Court's decision is based on a procedural ground, the petitioner must show that "jurists of reason would find

it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that the present record does not warrant the issuance of a certificate of appealability. The dismissal is based upon procedural grounds, and the ruling that petitioner failed to timely file this matter is not reasonably debatable.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed due to petitioner's failure to commence this action within the limitation period.

IT IS FURTHER ORDERED petitioner's motion for additional time to file a traverse (Doc. 23)[1] and motion for evidentiary hearing (Doc. 25) are denied as moot.

**IT IS SO ORDERED.**

DATED:  This 13th day of January, 2021, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge

---

[1] Petitioner filed a traverse on June 26, 2020.