```
           IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF KANSAS
```

**JERRY D. SELLERS, JR.,**

                Petitioner,

      v.                                              CASE NO. 19-3136-SAC

**DONALD LANGFORD, Warden,**

                Respondent.

### MEMORANDUM AND ORDER

This matter is before the court on petitioner's Motion to Recall Mandate and Memorandum and Order, which he presents under Rule 60(b) and (d) of the Federal Rules of Civil Procedure.

### Background

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. The court dismissed the petition as time-barred on January 13, 2021, and the decision was affirmed on April 26, 2021. Petitioner filed the present motion on February 9, 2022.

Petitioner seeks relief from the dismissal of this matter on the ground that he has new evidence of his actual innocence.

### Discussion

Petitioner seeks to overcome his failure to file this matter within the governing limitation period by a showing of actual innocence. Under an exception recognized by the Supreme Court, when a petitioner whose habeas claims are procedurally barred "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits

of his underlying claims." *Schlup v. Delo*, 513 U.S. 298, 316 (1995).

Under this exception, a petitioner is not required to conclusively exonerate himself. *See Fontenot v. Crow*, 4 F.4th 982, 1030 (10th Cir. 2021). Instead, he must advance "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). The petitioner also "must establish that, in light of [this] new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006)(quoting *Schlup*, 513 U.S. at 327).

The court has carefully reviewed petitioner's exhibits but finds no evidence that is sufficient to allow him to proceed in this time-barred action. The most specific material in the exhibits is petitioner's statement prepared in December 2021, in which he states that he listened to a recording of a CD produced by the Salina Police Department in which Jolana Sellers, his former spouse, told an investigator in a recorded telephone conversation "that she is willing to say it was not her if asked by the defense regarding attempt to call Newton Police Department to see if [petitioner] was able to bond out. Innocent itself, but she's willing to commit perjury even after Inv. Halton to[ld] her not to call due to a current PFA by her." Doc. 41-1, p. 24. Neither this statement nor the other exhibits submitted by petitioner suggests that no reasonable juror would have found him guilty. Likewise, the court has found no support for petitioner's bare allegation of fraud on the court. Because petitioner has not met the high standard identified in *Schlup*, his motion must be denied.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion to

recall mandate (Doc. 41) is denied.

DATED:  This 16th day of February, 2022, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge